George McMILLAN, Plaintiff, Appellee,

v.

Norman CARLSON, Director, Federal Bureau of Prisons, Defendant, Appellant.

No. 74–1024.

United States Court of Appeals, First Circuit.

Submitted March 7, 1974.

Decided March 20, 1974.

Judgment Entered July 30, 1974.

Irving Jaffe, Acting Asst. Atty. Gen., James N. Gabriel, U. S. Atty., Leonard Schaitman, and Neil H. Koslowe, Attys., Dept. of Justice on brief, for defendant-appellant.

Herman Schwartz, Edward I. Koren, Amherst, N. Y., and John Reinstein, Boston, Mass., on brief, for plaintiff-appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

PER CURIAM.

Plaintiff McMillan is a recognized author who has a contract with an established publisher to write a biography of James Earl Ray, the convicted assassin of Martin Luther King. He wishes to interview Ray's brother John, now in the Federal Penitentiary at Marion, Illinois. In accordance with standing prison rules he has been allowed to correspond with him, but the district court has found, on adequate evidence, that plaintiff has a reasonable belief that this is inadequate and that a personal interview would be more productive. The Federal Bureau of Prisons, represented by defendant, Director of the Bureau, has an absolute rule forbidding such interviews. It has no subjective objections to plaintiff, apart from this rule. The district court held that the rule unconstitutionally restricted plaintiff, and ordered defendant to permit an interview. Defendant appeals.

Both sides have girded themselves for a full scale battle. In the meantime the Supreme Court has noted probable jurisdiction and granted certiorari in two possibly pertinent cases. Hillery v. Procunier, N.D.Cal., 1973, 364 F.Supp. 196, probable jurisdiction noted sub nom. Procunier v. Hillery, 414 U.S. 1127, 94 S. Ct. 862, 38 L.Ed.2d 751 (Jan. 7, 1974), and sub nom. Pell v. Procunier, 414 U.S. 1155, 94 S.Ct. 912, 39 L.Ed.2d 108 (1974); Saxbe v. The Washington Post Co., cert. granted, —— U.S. ——, 94 S.Ct. 1482, 39 L.Ed.2d 571 (1974). In these circumstances little public benefit might result from either side's winning such a battle, nor would it seem worth the cost, even to ourselves. On the other hand we do believe we should decide this particular case now, if it is reasonably feasible to do so.

The defendant raises a number of speculations of what would occur if we were to open the doors. Plaintiff makes the not unusual response that this is a parade of horribles. We have considerably more sympathy with this response than in the normal case. The viable possibilities of burgeoning demands for such access, under claims of equal protection and a fair application of the First Amendment, loom large. At the same time we are not prepared to support a rule of absolute exclusion under all circumstances. Assuming, as we do, that if any access is ever to be permit-

ted, the hard core of allowed access would include a previously established author, under contract with a reputable publisher, wishing to interview a consenting prisoner who reasonably may be expected to contribute information on a subject of widespread interest, we hold that this case is within that core. On this basis, whatever should be the general limits, we believe the decision of the district court that denying access in this case would be unnecessary and unreasonable is supportable.

Affirmed.

## JUDGMENT

Entered July 30, 1974

This court on July 2, 1974, directed the parties to file memoranda on the impact on this case of the Supreme Court of the United States opinions in Pell v. Procunier and Saxbe v. Washington Post Co. and upon consideration thereof,

It is now here ordered, adjudged and decreed as follows:

The judgment of this court entered on March 20, 1974, is hereby set aside; and

The judgment of the district court is vacated and the cause is remanded to that court with directions to dismiss the complaint.

No costs.